# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

TERRY ANTONIO LEE,                                                                    PLAINTIFF
ADC #120960

v.                                         2:17CV00200-JM-JTK

AMANDA GRANGER                                                                        DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before

the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I.     Introduction

Plaintiff Terry Lee is a state inmate incarcerated at the East Arkansas Regional Unit of the Arkansas Department of Correction (ADC).   He filed this pro se action pursuant to 42 U.S.C. § 1983, alleging denial of access to the courts, in violation of his First Amendment right. (Doc. No. 2)   Defendants Reed, Naylor, Kelly, Jackson, Andrews, Lay and Does were dismissed on January 3, 2018 (Doc. No. 15).

Pending before the Court is the Motion to Dismiss filed by remaining Defendant Amanda Granger (Doc. No. 17), to which Plaintiff responded (Doc. No. 24).

## II.    Complaint

Plaintiff alleged that he gave Defendant Granger eight copies of a brief to be mailed to the Arkansas Supreme Court, prior to the deadline of October 27, 2016. (Doc. No. 2, p. 14)   However, the Supreme Court only received five of the eight briefs, and he claimed that Defendant Granger removed the other three briefs prior to mailing, in retaliation against him. (Id., p. 15)   He claimed Granger denied him access to the courts resulting in an actual injury. (Id., p. 17)

**III.   Motion to Dismiss**

FED.R.CIV.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  In Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 555 (2007) (overruling Conley v. Gibson, 355 U.S. 41 (1967)), and setting a new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  A complaint must contain enough facts to state a claim to relief that is plausible on its face.  Twombly, 550 U.S. at 570. See also Robbins v. Oklahoma, 519 F.3d 1242 (10th Cir. 2008).

Defendant asks the Court to dismiss Plaintiff's Complaint against her based on lack of subject-matter jurisdiction, pursuant to FED.R.CIV.P. 12(b)(1), and for failure to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6).  In support, she submits copies of the Arkansas Supreme Court case referred to by Plaintiff in his Complaint,[1] which show that Plaintiff did not suffer any actual injury as a result of Granger's alleged unlawful actions, thereby resulting in Plaintiff's lack of standing to bring this lawsuit, or to support a First Amendment denial of access claim.   According to the records of Plaintiff's state case, Lee v. State, CR-14-923, Plaintiff filed a Motion to Dismiss which was denied, but the Arkansas Supreme Court ruled on December 15, 2016, that the trial court erred by failing to send Plaintiff a copy of its Rule 37 Order. (Doc. No. 17-1)   The court then provided Plaintiff an additional fifty days to re-submit his briefs, which

---

[1] The court may consider matters of public record on a motion to dismiss. Stahl v. United States Department of Agriculture, 327 F.3d 697, 700 (8th Cir. 2003).

3

Plaintiff filed on January 30, 2017. (Doc. No. 17-2) On November 30, 2017, the Arkansas Supreme Court rendered a final decision on Plaintiff's case, and considered the briefs Plaintiff filed. (Doc. No. 17-3) Therefore, according to these public records, even if Defendant Granger withheld three of Plaintiff's briefs in October, 2016, Plaintiff did not suffer an injury to his legal action.

In response, Plaintiff states Granger was aware of his legal matters and the need for all copies of the briefs to be mailed to the Arkansas Supreme Court. In addition, Granger admitted to signing off on his mail, and therefore, was responsible for the three missing briefs.

The Court agrees with Defendant that Plaintiff lacks standing to pursue a denial of access to the courts claim, and further fails to state a claim upon which relief may be granted, pursuant to FED.R.CIV.P. 12(b)(1) and (b)(6). In order to support a denial of access to the courts claim, Plaintiff must allege that Defendant's actions caused an actual injury to his legal claim, thereby hindering his efforts to pursue the legal claim. Lewis v. Casey, 518 U.S. 343, 351 (1996). In light of the public records of Plaintiff's state court proceedings, showing that he was granted more time to submit copies of his brief, and that he did submit them prior to the adjudication of his claim, the Court finds Plaintiff fails to establish that he suffered an actual injury. Therefore, his claim should be dismissed.

**IV.     Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1. Defendant's Motion to Dismiss (Doc. No. 17) be GRANTED.

2. Plaintiff's Complaint against Defendant be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

3 This dismissal be considered a "strike" within the meaning of the Prison Litigation

Reform Act (PLRA), 28 U.S.C. § 1915(g).[2]

    4.    The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action will not be taken in good faith.  28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 6th day of March, 2018.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[2] The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.